UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FTSS KOREA,

        Plaintiff,

v.

        Case Number 07-15366
        Honorable David M. Lawson

FIRST TECHNOLOGY SAFETY SYSTEMS,
INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES

The plaintiff commenced this action for breach of contract alleging that it is a corporation formed under the laws of the Republic of Korea by one Ken Kim, and invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2). After the defendant had answered the complaint, and during discovery, which included the translation of several documents from Korean to English, counsel for the plaintiff learned that Mr. Kim's company was not a corporation at all, but rather, Kim operated his business as a sole proprietorship. Because Kim is an American citizen but has no domicile in the United States, the plaintiff filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) for want of subject-matter jurisdiction. The defendant does not dispute the argument that the case cannot proceed in this Court, but the defendant seeks an award of attorney's fees as a condition of the dismissal and has filed its own motion to that effect.

The plaintiff is correct that the Court does not have subject-matter jurisdiction over the breach of contract action. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Stateless citizens, such

as Mr. Kim, cannot bring an action in federal court under the diversity statute. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (holding that "[a]n American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States") (citing 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996)). Absent subject matter jurisdiction, the Court has no authority to adjudicate the breach of contract claim.

On the other hand, the Court *does* have the authority to award reasonable costs, including attorney's fees, when a matter is dismissed for want of jurisdiction. Rule 41(a)(2) states the Court may dismiss a case at the plaintiff's request "on terms that the court considers proper." And 28 U.S.C. § 1919 states that "[w]henever any action . . . is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." *See also Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 766-67 (6th Cir. 1996).

It is not unusual to award costs and attorney's fees when a case is voluntarily dismissed under Rule 41(a)(2). *See* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2366, at 177-80 n.9 (1971 & Supp.1984) (collecting cases). The purposes for such awards include reimbursing the defendant for the litigation costs incurred when there is a risk that the same suit will be refiled and will impose duplicative expenses upon him. *See Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982). In this case, continuation of the present dispute in a state court is a certainty, but only those expenses addressing the federal jurisdictional issue are likely to be wasted, since the fees expended addressing the merits of the claim would have been incurred no matter where the case was pending. It is quite clear that this case was filed in this Court based on

the plaintiff's mistake as to its legal status as a corporate entity. Therefore, the Court believes that the defendant should be reimbursed for the reasonable expenses incurred in litigating the jurisdiction question. The plaintiff does not dispute that general proposition. The parties clash, however, over how much was reasonably expended to address that singular issue. As the saying goes, it's not the money, it's the amount.

The defendant seeks an award of costs and attorney's fees totaling $23,808.49, which includes legal time for two different attorneys and a paralegal amounting to 68.3 hours, a fee paid to a mediator for a cancelled mediation, and expenses paid to an expert on Korean law. The plaintiff balks at this claim, characterizing it as grossly excessive and patently absurd. Plaintiff's counsel states that he addressed the same issues through investigation and research at a cost of about $1,800. After reviewing the defendant's attorneys' billing records and the parties' submissions, the Court is convinced that plaintiff's counsel is far closer to what was reasonably expended.

This Court set forth the manner of calculating a reasonable attorney's fee for cases involving lack of jurisdiction in *Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884 (E.D. Mich. 2001), as follows:

> [T]he statutory prescription to award "just" costs incorporates the concept of reasonableness in assessing a claim for attorney['s] fees. The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (deciding fee petition under 42 U.S.C. § 1988). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id. See also Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Courts should exclude hours that are not reasonably expended. *Hensley*, 461 U.S. at 433. Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Id.* "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." Mich. R. Prof'l Conduct (MRPC) 1.5.

> After determining the number of hours reasonably expended, the court must examine whether the requested hourly rate is reasonable. *Adcock-Ladd*, 227 F.3d at 349. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This determination is made, in turn, by assessing the experience and skill of the prevailing party's attorneys and comparing their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id.* at 895 n.11. *See also* MRPC 1.5.

*Mehney-Egan*, 130 F. Supp. 2d at 885-86 (footnote omitted).

An examination of defense counsel's billing statement reveals large amounts of time spent on rudimentary procedures that should easily be completed with dispatch by an attorney passingly familiar with practice in the federal courts. For instance, spending over four hours to conduct "[r]esearch regarding pretrial conference statement" and "review court rules and procedural rules" is excessive, especially when the scheduling conference notice set forth item-by-item the requisites for the preliminary statement and the items to be discussed at the conference. Similarly, the time charged for extensive researching of basic legal issues on diversity and alienage jurisdiction is unreasonable in light of the black-letter pronouncements in these very points by Congress and the Supreme Court.

The main dispute in the case on which the jurisdiction issue turned was a factual one: whether the plaintiff was a Korean corporation or a sole proprietorship. The time devoted to that question, according to the descriptions in the billing records, amounts to approximately 14.3 hours for attorney Christopher Nelson and 4.7 hours for attorney Miles Macik. Those figures are approximations because the billing descriptions are quite terse, some entries include multiple activities, and there is no affidavit from counsel indicating exactly what he or his law firm did to determine the business entity status of the plaintiff. The Court believes that defense counsel probably could do very little on that score, since the documents all were in Korean and required

either translation or the advice from a foreign law firm conversant in the language and law of that nation. There is a statement from a Korean law firm engaged by the defendant apparently for the purpose of determining the business entity status of the plaintiff, who charged $6,761.99 for 20.2 hours of work. It is unclear whether this work duplicated the effort of defense counsel or *vice versa*.

The Court finds, therefore, that of the large amount of time charged by defense counsel with respect to the jurisdiction question, only a small portion was reasonably expended to address the key issues relating to the plaintiff's right to proceed in this Court. The expenses incurred by the engagement of the Korean law firm were reasonable, better suited to the task at hand, and constitute a superior measure of compensation of the defendant for wasted effort expended in this Court.

The defendant also claims a right to recover $310 per hour for Christopher Nelson's work and $245 per hour for Miles Macik. However, the defendant has not furnished any information by way of affidavit or otherwise by which the Court might assess "the experience and skill of the . . . attorneys" or enabling the Court to "compar[e] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Mehney-Egan*, 130 F. Supp. 2d at 886. In the absence of that information from the parties, the Court turns to the State Bar of Michigan's 2007 Economics of Law Practice Survey results. That survey shows that the medial billing rate for litigation firms is $195 per hour, the hourly rate for litigation firms in Detroit and Oakland County ranges from $200 to $210, and the rate for lawyers with five to nine years in practice averages $165 per hour, and with ten to fourteen years the average rate is $175 per hour. *See* https://www.lawpracticeeconomics.com/securesite/results/results.aspx?menu= Billing%20Rates&submenu=Billing%20Rate%20Summary (last visited Oct. 20, 2007). Attorney

Nelson is identified by his law firm as a senior attorney practicing twelve to thirteen years, and attorney Macik is listed as an associate practicing six to seven years. A reasonable hourly rate for the work done in this case by local counsel based on the information made available to the Court therefore is $175. The rate charged by the Korean law firm averages about $345 per hour. The Court has no way of determining if that is a reasonable rate in that foreign community. However, the work performed approximates that of an expert witness, and the Court finds that the expense actually was incurred and was reasonable given the task at hand.

Because the work done by the Korean law firm largely duplicated the investigation performed by local counsel, the Court finds that the defendant should recover for five hours of local counsel's time, plus the cost expended for work performed by the Korean law firm. The defendant is not entitled to recover the payment to the mediator. Therefore, reasonable costs amount to $7,636.99.

The defendant also seeks to recover a fee paid to a facilitator in the amount of $1,050. Apparently, the mediation session never went forward, and this fee represents a non-refundable portion of the payment. It is not clear why the mediation was cancelled, and it has not been explained why this would have been a wasted expense. The Court understands that the dispute between the parties continues. Alternative dispute resolution would benefit both parties irrespective of their arguments over this Court's jurisdiction or the plaintiff's legal status. The mediation expense is not a wasted cost that should be reimbursed to the defendant as a term of dismissal under Rule 41(a)(2).

Based on the foregoing, the Court determines that the Court lacks subject-matter jurisdiction over this case. The plaintiff has stated valid grounds for voluntarily dismissing this action without

prejudice. A proper term for dismissal is the award of reasonable costs and attorney's fees incurred by the defendant in disputing jurisdiction.

Accordingly, it is **ORDERED** that the plaintiff's motion for voluntary dismissal without prejudice [dkt #17] is **GRANTED**.

It is further **ORDERED** that the defendant's motions for costs and attorney's fees [dkts # 18, 20] are **GRANTED IN PART** .

It is further **ORDERED** that the action is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiff shall pay to the defendant the sum of **$7,636.99**.

It is further **ORDERED** that the defendant's motion to amend or correct its answer and affirmative defenses [dkt #12] is **DISMISSED as moot**.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: October 20, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2008.

    s/ Susan Pinkowski  
    SUSAN PINKOWSKI